J-S41006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBBIE O. THOMAS, | |
| Appellant | No. 3191 EDA 2015 |

Appeal from the PCRA Order Entered October 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-1004712-1990
CP-51-CR-1053792-1990

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 23, 2016**

Appellant, Robbie O. Thomas, appeals *pro se* from the post-conviction court's October 5, 2015 order denying, as untimely, his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of Appellant's case as follows:

> On November 1, 1991, following a jury trial, [Appellant] was convicted of first-degree murder, criminal conspiracy, possession of an instrument of crime and unlawful restraint.  On June 18, 1993, the trial court imposed a sentence of life imprisonment for murder and suspended sentencing for the related offenses.  On July 18, 1994, following a direct appeal,

_____

[*] Former Justice specially assigned to the Superior Court.

the Superior Court affirmed the judgment of sentence.[2]  The Pennsylvania Supreme Court denied *allocatur* on December 9, 1994.[3]

> [2] ***Commonwealth v. Thomas***, 649 A.2d 464 (Pa. Super. 1994)(unpublished memorandum).
>
> [3] ***Commonwealth v. Thomas***, 653 A.2d 1230 (Pa. 1994).

[Appellant] filed his first *pro se* PCRA petition on November 18, 1996.[4]  Counsel was appointed and subsequently filed a ***Turner/Finley*** no-merit letter.[5]  The PCRA court denied the petition on June 23, 1998.  The Superior Court affirmed the PCRA court's denial on November 24, 1999.[6]  Our Supreme Court denied *allocatur* on April 11, 2000.[7]

> [4] The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date.  ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-57 (Pa. Super. 1997)(holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing).
>
> [5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).
>
> [6] ***Commonwealth v. Thomas***, 748 A.2d 1256 (Pa. Super. 1999)(unpublished memorandum).
>
> [7] ***Commonwealth v. Thomas***, 757 A.2d 932 (Pa. 2000).

[Appellant] filed his second *pro se* PCRA petition on October 18, 2004.  Following the appointment of counsel, a ***Turner/Finley*** no-merit letter was filed.  The PCRA court subsequently dismissed the petition on June 19, 2006.  The Superior Court affirmed the PCRA court's dismissal on October 10, 2007.[8]  Our Supreme Court denied *allocatur* on August 13, 2008.[9]

> [8] ***Commonwealth v. Thomas***, 943 A.2d 324 (Pa. Super. 2007)(unpublished memorandum).

> [9] *Commonwealth v. Thomas*, 959 A.2d 929 (Pa. 2008).
>
> [Appellant] filed his third PCRA petition on September 25, 2009. The PCRA court subsequently dismissed the petition as untimely on December 17, 2010. The Superior Court affirmed the PCRA court's dismissal on September 6, 2011.[10]
>
> [10] *Commonwealth v. Thomas*, 34 A.3d 216 (Pa. Super. 2011)(unpublished memorandum).
>
> [Appellant's] current PCRA petition, his fourth, was filed *pro se* on January 8, 2013. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition on August 3, 2015. [He did not file a response.] The PCRA court dismissed [Appellant's] petition as untimely on October 5, 2015. [He] filed the instant notice of appeal to the Superior Court on October 15, 2015.

PCRA Court Opinion (PCO), 11/12/15, at 1-2.

Appellant was not directed by the PCRA court to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, the PCRA court filed a Rule 1925(a) opinion on November 12, 2015. Appellant does not set forth in his brief to this Court a statement of the question(s) sought to be reviewed, and his brief, as a whole, is nearly comprehensible. From what we can ascertain, Appellant seeks to raise three claims, which we summarize as follows:

> I. Appellant's plea was unlawfully induced because he was mentally ill at the time the plea was entered.
>
> II. Appellant's plea counsel acted ineffectively by coercing Appellant to enter his plea when Appellant was mentally ill at the time.
>
> III. Appellant's sentence is illegal.

*See* Appellant's Brief at 4-5 and 7.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 9, 1995, upon the expiration of 90 day time period for filing a writ of *certiorari* with the United States Supreme Court. Thus, his current petition, filed in January of 2013, is patently untimely, and for this Court to have jurisdiction to review the merits of Appellant's claims, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Again, Appellant's brief to this Court is extremely confusing. From what we are able to understand, the main thrust of his argument is that his plea was unlawfully induced because he was mentally ill. He seems to suggest that he did not know that he was mentally ill at the time he pled guilty, and only later discovered that fact. Even if we interpret Appellant's argument as an attempt to satisfy the after-discovered fact exception of section 9545(b)(1)(ii), he waived this claim by failing to present it in his PCRA petition. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, Appellant has also failed to prove that he acted with due diligence in discovering this claim, or that he filed his petition within 60 days thereof. Appellant mentions a report by a psychiatrist from 2008, but his petition was not filed until 2013. **See** Appellant's Brief at 7. He does not

explain why he was unable to discover his mental illness earlier, or argue that he filed his petition within 60 days of when this claim could have first been presented. Therefore, Appellant has not demonstrated the applicability of the after-discovered fact exception of section 9545(b)(1)(ii), or that he satisfied section 9545(b)(2).

Appellant's other two claims also fail to meet any timeliness exception. Appellant alludes that his attorney was ineffective for coercing him to enter a guilty plea despite his mental illness. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Appellant also baldly contends that his sentence is illegal, which also fails, in and of itself, to satisfy a timeliness exception. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

In sum, Appellant has not proven that a timeliness exception applies to any of his claims. Therefore, we ascertain no abuse of discretion by the PCRA court in denying his facially untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2016